Connie Fern Miller, Esq. Informal Opinion No. 99-8 Village Attorney Village of Watkins Glen 601 N. Decatur Street Watkins Glen, N Y 14891
Dear Ms. Miller:
You have inquired whether a Village police officer may also serve as a member of the Village Zoning Board of Appeals.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
We are not aware of any statute that prohibits holding of these two offices. Section 3-300(3) of the Village Law prohibits holding an elective and an appointive village office. In that the offices in question are appointive, this provision does not apply. Also, a member of the Village Board of Trustees is ineligible for membership on the Zoning Board of Appeals. Village Law § 7-712(3). This provision does not apply to your inquiry.
We are left with the question whether there is a conflict between the duties of the two positions. One position is not subordinate to the other in that neither officer is responsible for supervision or generally has authority over the other officer. Nor is there any conflict of duties. Village police officers are responsible for law enforcement within the village. The village zoning board of appeals decides appeals under the village's zoning and land use regulations and is responsible for determination of applications for variances. Id., §§ 7-712-a, 7-712-b. Therefore, generally there is no foreseeable interaction between the duties of the two offices. The offices are not incompatible. In the event that a discrete conflict occurs, the appropriate remedy is recusal.
We conclude that the positions of Village police officer and member of the Village Zoning Board of Appeals are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE Assistant Attorney General in Charge of Opinions